IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEFFREY JOEL JUDY <br> 4711 Swanson Loop, Apt. E <br> North Ft. Meyers, FL 33917 <br><br> Plaintiff, <br><br> v. <br><br> RIDGEVIEW PLAZA, L.L.C., <br> 3708 Woodbine Street <br> Chevy Chase, MD 20815 <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> )  Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Jeffrey Joel Judy, an individual, by and through his undersigned counsel, hereby files this Complaint and sues Ridgeview Plaza, LLC, a Maryland limited liability company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant's principal office is located in Chevy Chase, Maryland.

3. Plaintiff, Jeffrey Joel Judy, ("Mr. Judy") is a resident of the State of Florida. However, Mr. Judy enjoys traveling to Baltimore to visit his relatives who reside in the area.

4.  Mr. Judy is a qualified individual with a disability under the ADA. Mr. Judy was injured in a motorcycle accident and is paralyzed from the waist down. Mr, Judy is a T8-T9 paraplegic and uses a wheelchair for his primary means of mobility.

5.  Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6.  The Defendant, Ridgeview Plaza, LLC ("Ridgeview Plaza" OR "Defendant") is a Maryland Limited Liability Company with its principal office in Chevy Chase, Maryland. Defendant is the record owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which are the subject of this action, to wit: the Property located at 2645-2659 Annapolis Rd., Hanover, MD 21076. The Defendant is responsible for complying with the obligations of the ADA.

7.  All events giving rise to this lawsuit occurred in the District of Maryland, Anne Arundel County.

## COUNT I
### (VIOLATION OF TITLE III OF THE ADA)

8.  The allegations set forth in paragraphs 1 – 7 above are incorporated by reference as if fully set forth herein.

9.  The Ridgeview Plaza, ("the Property") is a place of public accommodation, subject to the ADA, located at 2645-2659 Annapolis Rd., Hanover, MD 21076.

10. Mr. Judy has visited the Property and plans to return to the Property in the near future.

11. During his visit, Mr. Judy experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein and in paragraph 14 of

this Complaint.

12. Mr. Judy continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which still exist.

13. Mr. Judy plans to and will visit the Property once the barriers discussed in paragraph 14 and any other barriers have been removed.

14. Defendant has discriminated and continues to discriminate against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.302 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to, *inter alia*, have accessible facilities within five (5) years of January 26, 1992. These violations include, but are not limited to:

    A. inaccessible route to entry due to slopes and cross slopes;

    B. inaccessible restrooms in tenant spaces due to lack of grab bars, lack of insulation around piping under sink, and incorrect amenity heights;

    C. inaccessible ramps throughout the facility due to excessive slopes; and

    D. inaccessible counters due to excessive heights throughout the property.

15. The discriminatory violations described in Paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17.     Independent of his intent to return as a patron to the stores located on the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

19.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against Ridgeview Plaza and requests the following injunctive and declaratory relief:

   A. That the Court declare that the Property owned and administered by Ridgeview Plaza is in violation of the ADA;

   B. That the Court enter an Order directing Ridgeview Plaza to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

   C. That the Court enter an Order directing Ridgeview Plaza to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow Ridgeview Plaza to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

>Respectfully Submitted,
>KU & MUSSMAN, P.A.
>11098 Biscayne Blvd., Suite 301
>Miami, FL 33161
>Tel: (305) 891-1322
>Fax: (305) 891-4512
>*Attorneys for Plaintiff*

>*LOCAL COUNSEL*
>_____
>Brien M. Penn (Fed Bar # 127313)
>1200 G Street, N.W. Suite 800
>Washington, DC 20005
>410-914-7366
>443-926-0589 (fax)
>brien@brienpennlaw.com

5